| AO 91, Rev. 11/82   (K/Newton Authorizing) | **CRIMINAL COMPLAINT** | | # 16-27 |
|---|---|---|---|

| **United States District Court** | DISTRICT<br>Eastern District of Pennsylvania | | |
|---|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Christopher Bailey | DOCKET NO. | | |
| | MAGISTRATE'S CASE NO.<br>16-MJ-366 | | |

Complaint for violation of Title 18 United States Code §§ 1344, 2

| NAME OF JUDGE OR MAGISTRATE<br>Honorable M. FAITH ANGELL | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
| July 30 to November 20, 2015 | E.D. Pa. & D.N.J. | |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

From on or about July 30, 2015 through on or about November 20, 2015, defendant Christopher Bailey knowingly executed, and aided and abetted, a scheme to defraud federally insured banks, in violation of Title 18, United States Code, Sections 1344 and 2.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>T. Sean Norman |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Federal Bureau of Investigation |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE (1)<br>Honorable M. FAITH ANGELL, United States Magistrate Judge | DATE<br>3/22/16 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

16-mj-366

# AFFIDAVIT

I, T. Sean Norman, being duly sworn, depose and state as follows:

1. I am employed as a Special Agent with the Federal Bureau of Investigation. I have been employed by this agency for ten years, and I have nine years of experience in the enforcement of identity theft offenses. I am presently assigned to the Philadelphia Field office which investigates financial crimes, among other violations of Federal law.

2. The information within this Affidavit is based upon my personal experience, knowledge and observations, as well as witness interviews, information, records and surveillance photographs supplied to me by TD Bank and PNC Bank and local law enforcement agencies. What follows is not all of the information I have uncovered during my investigation.

3. Since 2015, the Federal Bureau of Investigation ("FBI") has been investigating an identity theft scheme targeting account holders of various banks, including TD Bank and PNC Bank for which account information for the account holders had been illegally obtained from various sources, including a check cashing agency and from bank employees.

4. During this investigation, the FBI obtained, from investigators for TD Bank, PNC Bank and Citizens Bank, bank records for fraudulent transactions against some of the TD Bank, PNC Bank and Citizens Bank business accounts victimized by this scheme and surveillance photographs of numerous "check cashers," participants in the scheme who went into bank branches and cashed fraudulent checks, payable to themselves, that appeared to be legitimate checks drawn on victim business accounts.

5. During this investigation, the FBI also obtained, from investigators for TD Bank and Wells Fargo Bank, bank records for fraudulent withdrawals from several TD Bank and Wells Fargo Bank personal accounts victimized by this scheme and surveillance photographs of

1

two "check runners," participants in the scheme who went into bank branches, using fraudulent identification in the names of the account holders, and made fraudulent withdrawals from the victims' accounts.

6. Through my involvement in a number of investigations involving the fraudulent transactions by check cashers and check runners, and interviews of numerous individuals who have participated in this type of bank fraud, I have learned how these types of schemes operate and the roles of participants in the schemes. For example:

a. These schemes typically have a number of participants with different roles, including: (1) the check cashers and the check runners; (2) ringleaders of the scheme who direct the other participants and often manufacture the fraudulent checks; (3) point of compromise, such as a bank employee or check cashing agency employee, who provide the ringleader with victim account information, such as account name, account number and account balance; (4) recruiters who find check cashers to go into the bank branches and cash the fraudulent checks; and (5) drivers who drive the check cashers to the bank branches, provide the check cashers with the checks from the ringleaders, direct the check cashers' activities at the bank branches and watch for possible police activity, and collect the money from the cashed checks from the check cashers.

b. It is common for the participants in the scheme to use cellular telephones to communicate with each other to plan when and where fraudulent transactions will be made by check cashers, to arrange for the pickup of the fraudulent checks and check cashers, to alert check cashers to the presence of police officers at the bank branches, to arrange for the drop-off of proceeds from the scheme.

2

c. Check cashers and check runners are typically instructed by the drivers to leave the bank, leaving the fraudulent check, withdrawal form and/or identification behind if necessary, when it appears that a bank teller is taking too long to conduct a transaction.

d. Drivers typically do not park in a bank parking lot or close to the bank branch, but instead will find a nearby location to wait while the check cashers are in the bank branches and where they can observe possible police activity at the bank branch and escape if necessary.

7. I have reviewed TD Bank, PNC Bank, Wells Fargo Bank and Citizens Bank records and surveillance photographs of the some of the fraudulent transactions conducted and attempted against the accounts of the victims and Pennsylvania Department of Transportation photographs and I recognize Darnell Parson, who has been charged elsewhere, as one of the check cashers and check runners in this bank fraud scheme.

a. I recognize Darnell Parson as the check runner who, using fraudulent identification in the name of TD Bank account holder M.H., made nine fraudulent withdrawals, totaling approximately $36,200, from the TD Bank account of M.H. between October 22, 2015 and October 29, 2015.

b. I recognize Darnell Parson as the check casher who cashed approximately 23 fraudulent checks, made payable to himself and others, allegedly drawn on a number of business accounts with TD Bank, Citizens Bank and PNC Bank and totaling approximately $19,500, between July 30, 2015 and January 27, 2016.

8. I learned from Abington Township law enforcement officers and TD Bank employees that, on August 25, 2015, at the direction of Christopher Bailey, Darnell Parson attempted to cash a fraudulent check, made payable to him, that allegedly was drawn on the TD

3

Bank account of LC Philly, LLC, at a TD Bank branch located at 1428 Old York Road in Abington Township, Montgomery County, Pennsylvania. In connection with that attempted transaction, I learned the following:

    a. Darnell Parson presented to a TD Bank teller for payment Check #12455, in the amount of $846.82, made payable to him and allegedly drawn on the TD Bank account of LC Philly, LLC.;

    b. Because the check appeared to be missing security features, the teller contacted the authorized signer of the account who stated that the check was not authorized;

    c. The teller also determined that two other checks (Check #12447 and #12454) in the same amount had been cashed at TD Bank branches in Jenkintown and the University City section of Philadelphia that morning and the Abington Police Department was notified;

    d. The teller observed that, while Darnell Parson was in the bank branch, he remained on his cell phone;

    e. In response to the call from TD Bank branch, Abington Township police officers went to the Old York Road TD Bank branch and observed Parson, on his cell phone, leave the bank branch and walk to a green Pontiac parked approximately one block from the bank branch. Officers had observed that green Pontiac driving around the area outside the bank when they first arrived at, and Parson was still in, the bank branch.

    9. Abington police officers stopped the green Pontiac and arrested the driver, Christopher Bailey, and the sole passenger, Darnell Parson.

4

10. Incident to the arrests of Bailey and Parson, Abington police officers recovered an LG cellular telephone from Christopher Bailey, for which Bailey gave consent to search, $850 in cash from Christopher Bailey, and $852 in cash from Darnell Parson.

11. Abington police officers examined the LG cellular telephone recovered from Christopher Bailey on August 25, 2015. That examination revealed: (a) text messages between Bailey and Parson in the weeks preceding August 25, 2015 in which Bailey and Parson discussed getting identification in Parson's name with an address in New Jersey (used on the fraudulent check Parson attempted to cash) and an address in Philadelphia (used on Parson's Pennsylvania identification card; (b) call logs for the morning of August 25, 2015, showing seven calls between Bailey and Parson, including calls when Parson was leaving the Old York Road TD Bank branch); and (c) a text message from Bailey to Parson while Parson was still in the Old York Road TD Bank branch, stating : "Walk out – Fuck ID."

12. A cooperating witness ("CW1") in this investigation identified photographs of Darnell Parson and Christopher Bailey. According to CW1, Parson was a check casher and check runner for the scheme and Bailey, who is a cousin to one of the ringleaders of the scheme, was a driver for the scheme who drove Parson to conduct fraudulent transactions on multiple occasions and, on at least one occasion on or about November 20, 2015, Bailey delivered a false identification document to CW1 to be used by Kenneth Hill, another check runner that CW1 had recruited for the scheme and charged elsewhere, for use in making fraudulent withdrawals from a victim's bank account.

13. Based on these facts, and my training and experience, there is probable cause to believe that Christopher Bailey participated with Darnell Parson and others in this bank fraud scheme in the role as a driver and, in that role, provided fraudulent checks to Darnell Parson to cash at bank branches, drove Parson to bank branches to cash the fraudulent checks, and directed Parson in the scheme.

14. At the time of this offense, TD Bank, Citizens Bank and Wells Fargo Bank were federally insured financial institutions doing business in interstate commerce.

15. Based on the above facts, there is probable cause to believe that Christopher Bailey committed, and aided and abetted, bank fraud in violation of 18 U.S.C. §§ 1344 and 2.

T. Sean Norman
Special Agent
Federal Bureau of Investigation

Sworn and Subscribed before me
this _22_ of March, 2015

HONORABLE M. FAITH ANGELL
United States Magistrate Judge